[No. 1044. Decided March 20, 1894.]

EDWARD G. BICKERTON *et al.* v. L. R. GRIMES, *Auditor of the State of Washington.*

SCHOOL LANDS—EXPENSES OF SALE—SERVICES OF AUCTIONEER.

Under Laws 1889–90, p. 441, requiring county commissioners to make sales at public auction of school lands,.and providing payment for their services and necessary expenses, the commissioners are not authorized to include in the expense account the commission of professional auctioneers employed by them to cry the sales.

*Original Application for Mandamus.*

*William H. Moore,* for petitioners.

*James A. Haight,* for respondent.

The opinion of the court was delivered by

STILES, J.— The petitioners have had certified by the commissioners of King county, a considerable sum as expenses incurred in the sale of school lands, and have demanded of respondent that he issue a warrant for the same, which he refuses.

The commissioners, assuming to act within the scope of their authority in the premises, made a contract with petitioners, who were professional auctioneers, for their services in crying auction sales of school lands in their county at a commission of two per cent. of the first one thousand dollars of each day's sales, and one per cent. upon the balance of such sales. The sales continued through six days; the sales of each day amounted to more than one thousand dollars, and the gross sales were $256,285.13. The commission demanded was $2,622.84.

The statute (Laws 1890, p. 441, § 9) requires the county commissioners to make these sales, and provides payment for their services. It also permits them to include in their

account rendered to the school land commission their necessary expenses. Nothing is said about employing auctioneers, but it is claimed that the general rule of law that an agent has an implied authority to do whatever is usually necessary in the business confided to him should apply. If it were a fact, within general knowledge, that a sale of land at public auction could only be made, or well made, by a professional auctioneer, there might be something in this contention; but, as at present advised, we are unable to see why one person could not do such work as well as another. The law seems to have been framed with the same view, and we, therefore, hold with the respondent in refusing the demand. It is the duty of the commissioners to make sales, and their per diem covers all allowable expenses connected therewith.

Petition denied.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.